IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:22-cv-02703-DCN |
| v. | ) |
| GARRETT A. MATHIESON, DORIS K. MATHIESON, and CHRISTINE MATHIESON, | ) |
| Defendants. | ) |

**COMPLAINT**

The United States of America complains and alleges as follows:

1. The United States brings this action to collect unpaid federal income taxes and penalties assessed against Defendant Garrett A. Mathieson by enforcing the federal tax liens that attach to real property located at 4259 Mariners Watch Drive, Johns Island, SC ("the Property").

2. Pursuant to 26 U.S.C. §§ 7401 and 7403, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, authorized and requested this action. This action is brought at the direction of a delegate of the United States Attorney General under the authority of 26 U.S.C. § 7401.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this civil action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340, 1345.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1396 because the Property is located in Charleston County, South Carolina.

## Parties

5. Defendant Garrett Mathieson ("the Taxpayer") incurred federal income tax liabilities for 2004 through 2012, and is a partial owner of the Property.

6. Doris Mathieson is the Taxpayer's wife, and is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Property.

7. Christine Mathieson is the Taxpayer's daughter, and is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Property.

## Description of the Property

8. The legal description of 4259 Mariners Watch Drive, Johns Island, SC is:

> **ALL** that certain apartment known as Villa Number 4259 in Mariners Watch Villas Horizontal Property Regime, together with the fixtures, furnishings and furniture, as shown on the plans and specifications attached to that certain Master Deed executed by Kiawah Island Company Limited dated January 31, 1981 and recorded February 4, 1981, in Book P124, page 95, in the R.M.C. Office for Charleston County, S.C.
>
> **BEING** the same property conveyed unto Garrett A. Mathieson and Doris K. Mathieson by deed dated September 25, 2009 and recorded on October 5, 2009 in RB 0085 at page 151, records of the RMC for Charleston County, South Carolina.
>
> Tax Map Number: 209-06-00153.

## Garrett Mathieson's Federal Tax Liabilities

9. The Taxpayer was required to file federal income tax returns for each year from 2004 through 2012, but failed to do so.

10. As a result, the IRS calculated the income tax the Taxpayer owed for those years pursuant to the Internal Revenue Code's deficiency procedures. It sent notices of deficiency for the liabilities it determined to the Taxpayer's last known address as required by 26 U.S.C. § 6212.

11. The Taxpayer did not petition the United States Tax Court to challenge those notices of deficiency, the restriction on assessment imposed by 26 U.S.C. § 6213 lapsed, and a delegate of the Secretary of the Treasury timely and properly assessed tax liabilities.

12. The following table provides a summary of the tax liabilities at issue.

| TYPE OF ASSESSMENT | TAX PERIOD | INITIAL ASSESSMENT DATE | CURRENT BALANCE[1] |
|---|---|---|---|
| Federal Income Tax | 2004 | Feb. 16, 2015 | $5,913,691.22 |
| Federal Income Tax | 2005 | Feb. 16, 2015 | $6,058,007.83 |
| Federal Income Tax | 2006 | Feb. 16, 2015 | $2,351,624.72 |
| Federal Income Tax | 2007 | Feb. 16, 2015 | $2,006,219.09 |
| Federal Income Tax | 2008 | Feb. 16, 2015 | $1,955,066.91 |
| Federal Income Tax | 2009 | April 6, 2015 | $1,747,503.47 |
| Federal Income Tax | 2010 | Feb. 16, 2015 | $3,261,993.26 |
| Federal Income Tax | 2011 | Feb. 16, 2015 | $2,115,559.11 |
| Federal Income Tax | 2012 | Feb. 16, 2015 | $19,992.18 |
| | | *Current Total Owed*: | $25,429,657.79 |

### COUNT I – Set Aside Fraudulent Transfer to Christine Mathieson

13. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 12, above.

14. The Taxpayer and Defendant Doris Mathieson acquired the Property by deed as joint tenants with rights of survivorship. They signed the deed on September 25, 2009, and

---

[1] Calculated as of July 22, 2022.

recorded it on October 9, 2009 in the Register of Mesne Conveyances for Charleston County at Book 0085 page 151.

15. By quitclaim deed, the Taxpayer and Doris Mathieson transferred a one fourth (25%) interest in their right, title, and interest in the Property to Christine Mathieson (the "Partial Interest"). They signed the quitclaim deed on May 24, 2012, and it was recorded August 25, 2014 in the Register of Mesne Conveyances for Charleston County at Book 0424 page 844.

16. Because the Taxpayer was a joint owner of the Property at the time of the transfer, at least half of the value of the Partial Interest came from his interest in the Property.

17. The Taxpayer made the transfer to Christine Mathieson with the intent or purpose to delay, hinder, or defraud the United States in its collection of his income tax liabilities.

18. The Taxpayer made the transfer to an insider – his daughter, Christine Mathieson.

19. Christine Mathieson's payment of $5.00 in exchange for the Partial Interest did not reflect the reasonable equivalent of the value of the Partial Interest.

20. At the time of transfer, the Taxpayer had accrued income tax liabilities for the eight years at issue. Although the Taxpayer had not filed returns to report those liabilities as required, the United States had a right to payment of those liabilities.

21. The Taxpayer had incurred and was aware of other tax liabilities prior to the years at issue and prior to the acquisition of the Property.

22. At the time of transfer, the Taxpayer did not have sufficient funds or assets to pay his debts to the IRS.

23. The United States is entitled to a declaratory judgment that the Taxpayer's transfer to Christine Mathieson is void and of no effect such that he still retains at least 50% ownership interest in the Property.

## COUNT II – To Enforce Federal Tax Liens on the Property

24. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 23 above.

25. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the Taxpayer's unpaid federal tax liabilities described in Paragraph 12 arose on the dates of assessments in favor of the United States and continue to encumber all property and rights to property belonging to the Taxpayer.

26. Pursuant to 26 U.S.C. § 6323(f), a delegate of the Secretary of the Treasury filed a Notice of Federal Tax Liens ("NFTL") for the assessments described in Paragraph 12 in Charleston County on July 6, 2016. The IRS Serial Number for the NFTL is 218129916.

27. The federal tax liens attach to all rights, title, and interests in property held by the Taxpayer, including the Property.

28. The United States is entitled to a judgment that the federal tax liens against the Taxpayer are valid and may be enforced against the Taxpayer's interest in the Property.

29. In this action, the United States seeks to enforce its federal tax liens against the Property pursuant to 26 U.S.C. § 7403, and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, title, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed as determined by the Court in accordance with the law.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff, United States of America, respectfully prays for the following:

A. That this Court adjudge, order, and decree that the Taxpayer's transfer of his interest in the Property to Christine Mathieson is clearly and utterly void with respect to the United States;

B.       That this Court adjudge, order, and decree that the federal tax liens of the United States are valid and attach to the Taxpayer's interest in the Property;

C.       That this Court adjudge, order, and decree that the federal tax liens upon the Property be foreclosed upon, that the property be sold according to law, free and clear of the claims of the parties herein, and that the proceeds of sale be distributed in accordance with the determination of this Court with respect to the priorities of the claims of the parties herein;

D.       That the proceeds of the sale of the Property payable to the United States be applied towards the Taxpayer's unpaid federal tax liabilities, as set forth in this Complaint; and

E.       That this Court grant the United States such other relief, including costs, as is just and equitable.

Dated: August 16, 2022                               Respectfully submitted,


                                                     DAVID A. HUBBERT
                                                     Deputy Assistant Attorney General

                                     By:     s/ *Daniel B. Causey, IV*
                                             Daniel B. Causey, IV
                                             S.C. Bar No. 104035
                                             Trial Attorney, Tax Division
                                             U.S. Department of Justice
                                             P.O. Box 14198
                                             Washington, D.C. 20044
                                             202-307-1427 (v)
                                             202-514-4963 (f)
                                             Daniel.B.Causey@usdoj.gov

                                                     -and-

                                             ADAIR FORD BOROUGHS
                                             United States Attorney
                                             District of South Carolina

7